UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

CARL A. PEACH,

              Plaintiff,         1:17-CV-00201-MAT

     -v-                      **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

              Defendant.
_____

## INTRODUCTION

Carl A. Peach ("Plaintiff"), represented by counsel, brings this action under Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "defendant"), denying his application for Supplemental Security Income. The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Commissioner's decision is reversed, Plaintiff's motion is granted to the extent that the matter is remanded solely for calculation and payment of benefits. Accordingly, Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On September 29, 2011, Plaintiff protectively filed for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"), alleging disability beginning December 30, 2010.

Administrative Transcript ("T.") 104-115. The claim was initially denied on January 12, 2012, and Plaintiff timely requested a hearing. T. 57-66. On May 28, 2013 a video hearing was conducted in Jamaica, New York by administrative law judge ("ALJ") Curtis Axelsen. T. 37-48. Plaintiff appeared via video conference with his attorney and testified. ALJ Axelsen issued an unfavorable decision on August 14, 2013. T. 16-36. Plaintiff timely requested review of the ALJ's decision by the Appeals Council ("AC"). T. 9-15. The AC denied Plaintiff's request for review on January 27, 2015, making ALJ Axelsen's decision the final decision of the Commissioner. T. 1-4. Plaintiff then timely commenced an action in this Court and, on May 24, 2016, the case was remanded to the Commissioner for further proceedings. T. 448-59. On remand, the AC ordered an ALJ to offer Plaintiff a hearing and issue a new decision. T. 460-62.

Prior to the second hearing, Plaintiff amended his alleged onset date of disability to May 9, 2011, and requested a closed period of disability from that date through September 13, 2013. T. 549-54. In doing so, Plaintiff withdrew his Title II application for DIB, since his insured status for DIB expired on December 31, 2010. *Id*. On September 19, 2016, a hearing was conducted in Buffalo, New York by ALJ Sharon Seeley. T. 397-422. Plaintiff appeared with his attorney and testified. A vocational expert ("VE") also testified. *Id*. ALJ Seeley issued an unfavorable

decision on January 4, 2017. T. 375-96. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

ALJ Seeley applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the closed period of May 9, 2011, through September 13, 2013. T. 380.

At step two, the ALJ determined that for the closed period, Plaintiff suffered from the "severe" impairments of degenerative joint disease of the right hip with total hip replacement. T. 381. The ALJ also determined that Plaintiff's history of substance addiction disorder was non-severe and created no significant work-related functional limitations. *Id*.

At step three, the ALJ found that for the closed period from May 9, 2011, through September 13, 2013, Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC"), during the closed period from, May 9, 2011, through September 13, 2013, to perform a less than full range of sedentary work as defined in 20 C.F.R.

3

404.1567(a), with the following limitations: able to lift and carry ten pounds occasionally and light items, such as small tools, frequently; able to sit six hours in an eight-hour workday, alternating after one hour to standing for five minutes; able to stand and/or walk two hours in an eight-hour workday, alternating after thirty minutes to sitting for five minutes; able to occasionally stoop, kneel, crouch or crawl; able to occasionally climb ramps or stairs and ladders, ropes or scaffolds, but unable to perform any of these activities repetitively. T. 384.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work during the closed period. T. 388. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed for the closed period from May 9, 2011, through September 13, 2013, including the representative occupations of charge account clerk, order clerk - food & beverage, and call out operator. T. 389. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 390.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the

4

decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

### I. The ALJ's Step Five Finding is Not Supported by Substantial Evidence

Plaintiff's primary argument is that ALJ Seeley's step five finding that there are jobs Plaintiff could perform in significant numbers in the national economy is not based on substantial

evidence, but on a mischaracterization of the VE's hearing testimony. For the reasons set forth below, the Court agrees.

Under the applicable statutes and regulations, a finding of disability is appropriate where a claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months," and is "'of such severity the [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 45 (2d Cir. 2015) (quoting 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A)). "[W]ork exists in the national economy when it exists in significant numbers either in the region where [a claimant] live[s] or in several other regions of the country" and the claimant is "able to meet [the work requirements] with [his] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(a)-(b).

Pursuant to the five-step sequential evaluation, the claimant bears the burden of proving he is disabled through the first four steps. At the fifth step, the burden then shifts to the Commissioner to show there is other gainful work in the national economy, in significant numbers, which the claimant could perform

based on his RFC, age, education, and past relevant work. *See McIntyre v. Colvin,* 758 F.3d 146, 150 (2d. Cir. 2014); *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). To meet this burden, the ALJ may either apply the Medical Vocational Guidelines or adduce the testimony of a VE. *McIntyre*, 758 F.3d at 150.

At the 2016 hearing in this case, the VE testified that there were: 184,050 employed individuals in the Occupational Employment Statistics ("OES") group that includes the position of charge account clerk; 185,890 employed individuals in the OES group that includes order clerk — food and beverage; and 41,880 employed individuals in the OES group that includes the position of call out operator. T. 417-18. However, as elicited from Plaintiff's attorney, these numbers do not represent the actual Dictionary of Occupational Titles ("DOT") codes provided by the VE for the jobs Plaintiff was capable of performing during the relevant period. The estimated national and local numbers for the actual jobs named by the VE were: 1,404 nationally and 6 regionally for the charge account clerk; 915 nationally and 3 regionally for the order clerk — food and beverage; and 6,672 nationally and 25 regionally, for the call out operator. T. 419.

In her decision, ALJ Seeley used the first set of numbers supplied by the VE — *i.e.* the more significant OES group numbers, which included positions Plaintiff was unable to perform — to

7

support her finding that there were jobs existing in significant numbers in the national economy that Plaintiff could have performed during the closed period. *See* T. 389. ALJ Seeley also made passing mention of the DOT code specific set of numbers representing the jobs that the VE testified Plaintiff would have been able to perform, noting that those national numbers (1,404; 915; and 6,672), demonstrated jobs in significant numbers that Plaintiff could have performed. For the reasons discussed below, the Court rejects the ALJ's contention that 1,404; 915; and 6,672 jobs for the respective DOT code positions constitute "significant numbers".

The term "significant number" has not been statutorily defined and courts have made no specific definition of their own, but "have generally held that what constitutes a 'significant' number of jobs is a 'relatively low threshold number.'" *Gurule v. Astrue*, No. 2:11-CV-96, 2012 WL 1609691, at *4 (D. Vt. May 8, 2012) (citation omitted) (collecting cases). However, a number of courts in this Circuit have indicated that numbers similar to the DOT numbers provided by the VE in this case (a total of 34 positions locally and 8,991 positions nationally, with the most widely available specific job cited having only 6,672 jobs available in the national economy) would not qualify as "significant." *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, 105 F. Supp.3d 223, 231 (N.D.N.Y. 2015) (finding a total of 13 positions regionally and a total of 5,160 positions nationally was not sufficient evidence to

8

show the claimant could perform other work in the national economy); *Franklin v. Apfel*, 8 F. Supp.2d 227 (W.D.N.Y. 1998) (expressing skepticism that 480 regional jobs and approximately 80,000 jobs nationally were sufficiently significant); *Gray v. Colvin*, No. 12-CV-6485L, 2014 WL 4146880, at *6, (W.D.N.Y. Aug. 19, 2014) ("[T]he Court is troubled by the low number of nationally and regionally available [positions] [16,000 and 60 positions, respectively] described by the VE."); *Robinson v. Astrue*, No. 08-CV-4747(RJD), 2009 WL 4722256, at *2 (E.D.N.Y. Dec. 9, 2009) (questioning whether 200 jobs locally and 3,000 jobs nationally qualified as "significant"). Courts outside of this Circuit have reached similar conclusions. *See, e.g., Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) ("the ALJ's finding that 25,000 national jobs is sufficient presents a close call"); *Leonard v. Heckler*, 582 F. Supp. 389, 391 (M.D. Pa 1983) (4,000 to 5,000 jobs nationwide is not a significant number).

The sole case cited by the Commissioner in which fewer than 9,000 jobs nationally was found "significant" is *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016), in which the court found that 6,000 jobs constituted significant numbers in the national economy. However, a review of the cases cited in *Taskila* for that conclusion demonstrates that the *Taskila* court failed to differentiate between numbers in the *local* economy, versus nationwide. In *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d

1474(9th Cir. 1989), on which the *Taskila* court relied, the Ninth Circuit found that 1,266 jobs in the Los Angeles/Orange County area (not in the national economy) was significant. *Id*. at 1479. Similarly, in *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009), the VE had testified that there were 4,000 jobs in the Milwaukee area, while in *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988), the VE had testified that there were at least 500 jobs in the region where the claimant lived. The Court is therefore not persuaded by the decision in *Taskila*, particularly in light of the extensive case law to the contrary cited above.

The Commissioner argues that the Court should find that the job numbers for the broad OES categories provided by the VE was sufficient evidence to support the ALJ's step five finding. OES categories, which include a range of DOT job codes that do not necessarily correlate with a claimant's specific RFC, are not considered substantial evidence in this Circuit, unless the VE has clearly established that the numbers provided do not include positions which a claimant is unable to perform. *See Johnston v. Barnhart*, 378 F. Supp.2d 274, 283 (W.D.N.Y. 2005) (finding that the ALJ erred where the VE's testimony concerning the number of jobs available pertained to broad categories of jobs that included jobs other than the two positions the claimant could perform within her RFC limitations and the VE could not say how many positions existed for those two positions); *Marvin v. Colvin*, No. 3:12-cv-1779(GLS),

2014 WL 1293509, at *10 (N.D.N.Y. Mar. 31, 2014) (finding a VE's testimony which pertained to a broad range of positions, including jobs the claimant could not perform based on the RFC, did not constitute substantial evidence).

In this case, Plaintiff had a very restrictive RFC finding, and the OES categories at issue "pertained to a broad category of jobs that included positions other than" those specifically identified by the VE as being consistent with Plaintiff's RFC. *Rosa v. Colvin*, No. 3:12-CV-0170 LEK/TWD, 2013 WL 1292145, at *9 (N.D.N.Y. Mar. 27, 2013). The VE also did not clearly establish that those OES categories consisted only of jobs consistent with Plaintiff's RFC. Under these circumstances, the job numbers for the OES categories "does not constitute substantial evidence." *Id*.

For the foregoing reasons, the Court finds that the ALJ's step five finding was not supported by substantial evidence. Accordingly, the Commissioner's determination that Plaintiff was not disabled for the closed period from May 9, 2011, to September 13, 2013 is not supported by substantial evidence and her decision denying disability benefits for the closed period is reversed.

**II. Plaintiff's Remaining Arguments**

Plaintiff's other arguments concerning this Court's prior remand order and the consideration of Listings 1.02 and 1.03 need not be addressed because of this Court's finding that ALJ Seeley erred in making the step five determination.

**III. Remedy**

Under 42 U.S.C. § 405(g), the district court has the power to affirm, modify, or reverse the ALJ's decision with or without remanding for a rehearing. Remand solely for calculation and payment of benefits is appropriate where the record persuasively demonstrates the claimant's disability, *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and there is no reason to conclude that additional evidence exists that might support the Commissioner's claim that the claimant is not disabled, *Butts v. Barnhart*, 388 F.3d 377, 385–86 (2d Cir. 2004).

For the reasons set forth above, the Court finds that the ALJ in this case failed to support her step five finding with substantial evidence. The Court further finds that remand of this matter solely for calculation and payment of benefits is warranted. *Torres v. Colvin*, No. 3:16-CV-00809(JAM), 2017 WL 1734020 (D. Conn. May 3, 2017) is instructive in this regard. In that case, as here, the court found that the Commissioner had not carried her burden at step five, because the VE's testimony did not establish that there were a significant number of jobs in the national economy which the plaintiff was capable of performing. *Id*. at *3. The *Torres* court noted that "[t]he Second Circuit has consistently emphasized the importance of the Commissioner's burden to support her step-five determination with substantial evidence, and has held that a reversal with a remand only to calculate damages is warranted when

the ALJ has failed to meet that burden." *Id*. (internal quotation omitted). Moreover, and as in this case, the plaintiff's claim in *Torres* had "already [been] remanded by the District Court once before" and the court was accordingly "not persuaded that the Commissioner deserved a third opportunity to carry her burden." *Id*. at *4. The Court finds the analysis in *Torres* persuasive, and accordingly finds that remand solely for the calculation and payment of benefits is warranted in this case.

## CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's decision was legally erroneous and is not supported by substantial evidence. It therefore is reversed. Accordingly, Defendant's motion for judgment on the pleadings (Docket No. 15) is denied, and Plaintiff's motion for judgment on the pleadings (Docket No. 10) is granted. The case is remanded solely for the calculation and payment of benefits. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated: August 30, 2018
Rochester, New York